Thomas P. Riley
Law Offices of Thomas P. Riley, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227
CA SBN No. 194706
Fax: 626-799-9795
TPRLAW@att.net
Tel: 626-799-9797

Attorneys for Plaintiff
J & J Sports Productions, Inc.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 12 2017 ★

BROOKLYN OFFICE

CV 17-5339

FEUERSTEIN, J.

LOCKE, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| J & J Sports Productions, Inc, <br><br> Plaintiff, <br><br> vs. <br><br> JEFF M. BACHHAS, individually and d/b/a SPICES NEGRIL; and TANGA, INC., an unknown business entity d/b/a SPICES NEGRIL, <br><br> Defendants. | Case No.: <br><br> COMPLAINT |

**PLAINTIFF ALLEGES:**

## JURISDICTION

1.      Jurisdiction is founded on the existence of a question arising under particular

statutes.  This action is brought pursuant to several federal statutes, including the Communications

Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer

Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2.      This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C.

Section 1331, which states that the District Courts shall have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3.    This Court has personal jurisdiction over the parties in this action as a result of the Defendant's wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendant's wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of New York.

## VENUE

4.    Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Eastern District of New York because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5.    Assignment to the Eastern District of New York is proper because a substantial part of the events or omissions giving rise to the claim occurred in Nassau County and/or the United States District Court for the Eastern District of New York has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6.    Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, California corporation with its principal place of business located at 950 South Bascom Avenue, Suite 3010, San Jose, California 95128.

7.    Defendant JEFF M. BACHHAS is an individual identified as a "Principal" of TANGA, INC., which operates the commercial establishment doing business as SPICES NEGRIL located at 1084 Grand Avenue, Baldwin, NY 11510.

///

8.    Defendant JEFF M. BACHHAS is an individual specifically identified as the "Principal" of TANGA, INC. on the New York Liquor Authority License issued for TANGA, INC. (License Serial No. 1262760).

9.    Plaintiff is informed and believes, and alleges thereon that on Saturday, September 13, 2014 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 16), Defendant JEFF M. BACHHAS had the right and ability to supervise the activities of SPICES NEGRIL, which included the unlawful interception of Plaintiff's *Program.*

10.    Plaintiff is informed and believes, and alleges thereon that on Saturday, September 13, 2014 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 16), JEFF M. BACHHAS, as an individual specifically identified on New York Liquor Authority License for TANGA, INC., had the obligation to supervise the activities of SPICES NEGRIL, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the liquor license was not used in violation of law.

11.    Plaintiff is informed and believes, and alleges thereon that on Saturday, September 13, 2014 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 16), Defendant JEFF M. BACHHAS, specifically directed or permitted the employees of SPICES NEGRIL to unlawfully intercept and broadcast Plaintiff's *Program* at SPICES NEGRIL or intentionally intercepted, and/ or published the *Program* at SPICES NEGRIL herself. The actions of the employees of SPICES NEGRIL are directly imputable to Defendant JEFF M. BACHHAS by virtue of her acknowledged responsibility for the operation of SPICES NEGRIL.

12.    Plaintiff is informed and believes, and alleges thereon that on Saturday, September 13, 2014, Defendant JEFF M. BACHHAS as a "Principal" of TANGA, INC. and as an individual specifically identified on the New York Liquor Authority License for TANGA, INC., had an obvious and direct financial interest in the activities of SPICES NEGRIL, which included the unlawful interception of Plaintiff's *Program.*

13.    Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program,* as supervised and/or authorized by Defendant JEFF M. BACHHAS, resulted in

1
2

increased profits for SPICES NEGRIL.

3
4
5
6

14.     Plaintiff is informed and believed, and alleges thereon that Defendant, TANGA, INC. is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as SPICES NEGRIL operating at 1084 Grand Avenue, Baldwin, NY 11510.

7
8
9

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

10
11

15.     Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-14, inclusive, as though set forth herein at length.

12
13
14
15
16

16.     Pursuant to contract, Plaintiff J & J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *"Mayhem" Floyd Mayweather, Jr., v. Marcos Rene Maidana, II WBC Championship Fight Program,* telecast nationwide on Saturday, September 13, 2014 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

17
18
19
20
21
22

17.     Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of New York, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

23
24
25
26
27
28

18.     As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff J & J Sports Production, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

///
///

19.    With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendant, either through direct action or through actions of employees or agents directly imputable to Defendant (as outlined in paragraphs 7-14 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at her commercial establishment in Brooklyn, New York located at 1084 Grand Avenue, Baldwin, NY 11510.

20.    Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by the Defendant was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

21.    Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff J & J Sports Productions, Inc., had the distribution rights thereto).

22.    By reason of the aforesaid mentioned conduct, the aforementioned Defendant, violated Title 47 U.S.C. Section 605, *et seq.*

23.    By reason of the Defendant's violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff J & J Sports Production, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

24.    As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

    (a)    Statutory damages for each violation of in an amount to $10,000 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II); and also

    (b)    Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(c)  the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**COUNT II**

**(Violation of Title 47 U.S.C. Section 553)**

25.  Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-24, inclusive, as though set forth herein at length.

26.  The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendant was prohibited by Title 47 U.S.C. Section 553, *et seq.*

27.  By reason of the aforesaid mentioned conduct, the aforementioned Defendant, violated Title 47 U.S.C. Section 553, *et seq.*

28.  By reason of the Defendant's violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff «J & J Sports Productions, Inc.», has the private right of action pursuant to Title 47 U.S.C. Section 553.

29.  As the result of the aforementioned Defendant's violation of Title 47 U.S.C. Section 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

(a)  Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

(b)  Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

(c)  the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

(d)     and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1.     For statutory damages in the amount of $110,000.00 against the Defendant, and

2.     For reasonable attorneys' fees as mandated by statute, and

3.     For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4.     For such other and further relief as this Honorable Court may deem just and proper;

**As to the Second Count:**

1.     For statutory damages in the amount of $60,000.00 against the Defendant, and;

2.     For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

3.     For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4.     For such other and further relief as this Honorable Court may deem just and proper.

///

///

///

///

1

2   Date: September 8, 2017

3

Respectfully submitted,

LAW OFFICES OF THOMAS P. RILEY, P.C.
By:  Thomas P. Riley
Attorneys for Plaintiff
J & J Sports Productions, Inc.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28